■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONRAD TALAMO, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered December 17, 1975, upon a verdict convicting defendant of the crime of attempted burglary in the third degree. This court has ruled that an inculpatory statement admitted at trial was obtained in violation of defendant's right to counsel (People v Talamo, 55 AD2d 506). Resolution of the appeal was withheld, pending submission of the trial transcript, in order to consider whether admission of the statement was harmless error. The transcript shows that at about 10:00 P.M. on July 21, 1975, police responded to a burglary alarm at a drug store in the Village of Horseheads. The alarm had been activated when a plate covering an air-conditioning duct on the roof was removed. There were large puddles of water on the roof, although the surrounding ground was dry. Apparently because of a tip, the police questioned the defendant, who was sitting alone in an automobile in a coffee shop parking lot across the street from the drug store. Because he gave evasive answers, was sweating heavily, and was wearing wet shoes, the defendant was arrested. A search of the automobile revealed, hidden under the front seat, a pillow case, black electrical tape, wool gloves, a flashlight, a blue knit hat, a screwdriver and a piece of clothesline. The legality of the search is not challenged. During the subsequent improper station house interrogation, the defendant was reported to have said, "Whoever expected that they would have an alarm in the air conditioner." Although this statement was allowed in evidence, another inculpatory statement, which second statement was held admissible by this court (id., pp 507-508), was not used by the prosecution. Aside from the

improperly admitted inculpatory statement, the most damaging evidence was the testimony of defendant's alleged accomplice Coonce, who admitted having committed the attempted burglary in the company and with the help of the defendant. On cross-examination Coonce's credibility was attacked by the suggestion that he inculpated the defendant in order to obtain a favorable plea bargain, but no other reason, such as animosity, was suggested that would explain why he would falsely accuse the defendant. The defense put in no case in chief. Constitutional error, such as was committed at the trial herein, must be shown harmless beyond a reasonable doubt (*Chapman v California,* 386 US 18; *People v Crimmins,* 36 NY2d 230). To be deemed harmless under this standard, there must be no reasonable possibility that absent the statement the jury would have acquitted. Although some of the items found in the automobile are common, the wool gloves and navy watch cap were peculiar for July. The wet shoes and the nervous reaction to the police are also inconsistent with innocence. The testimony of Coonce makes the proof of guilt conclusive. There was no chance of misidentification, so the jury could have acquitted the defendant only if they found Coonce deliberately lied. Absent an explanation by the defense for the incriminating items hidden under the front seat, the wet shoes, or why the defendant's friend Coonce would falsely accuse him, the jury had no reasonable alternative but conviction even without the defendant's inculpatory statement. Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.